UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TODD E. TRIPP, ET AL. CIVIL ACTION

VERSUS

JEFFREY M. LANDRY, *in his official capacity as Attorney General of the State of Louisiana*, ET AL. NO. 22-00333-BAJ-SDJ

# RULING AND ORDER

Before the Court is Defendant Babin's **Motion To Dismiss Plaintiffs' Complaints As To Him Based On Standing, Exceptions Of Failure To State A Cause Of Action And/Or Right Of Action, And Prematurity (Doc. 100)**. Plaintiffs oppose the Motion. (Doc. 102). Defendant did not file a Reply.

For the following reasons, the Motion (Doc. 100) will be **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arises out of an allegedly unconstitutional Louisiana state law that compels individuals convicted of certain sex offenses to comply with notification requirements. (Doc. 27). Although the factual allegations of this case derived from Plaintiffs' Amended Complaint have already been recounted in detail in a previous Order and Ruling (Doc. 94), the Court will repeat them here for ease of reference.

For present purposes, the following facts are taken as true. Plaintiff Todd Tripp and Plaintiff Richard Okurowski are required to register as sex offenders under the laws of Louisiana as a result of prior convictions. (*Id.* ¶ 4b). As such, they have

been and continue to be subject to the notification requirements imposed by La. Stat. Ann. § 15:542.1 (2012). (*Id.*).

In the time between periods of incarceration, Tripp was already subject to the Louisiana sex offender registration regime.[1] (Doc. 87-1). In 2021, the District Attorney for the Twenty-Third Judicial District, Defendant Ricky Babin, brought charges against Tripp under La. Stat. Ann. § 15:542.1 for allegedly failing to comply with the statute's "networking website" notification requirement. (*Id.*). At the time Plaintiffs filed their Complaint in 2022, they were incarcerated in the Iberville Parish Jail.[2] (Doc. 27 ¶ 4a). Tripp was incarcerated pretrial, and Okurowski was incarcerated post-conviction. (*Id.*). In March 2024, Tripp was sentenced to a 234-month sentence pursuant to a guilty plea for one count of receipt of child pornography after being sentenced in the United States District Court for the Middle District of Louisiana.[3] (Doc. 84-4). Tripp has since been transferred from Iberville Parish Jail to the Federal Correctional Institution, Seagonville in Texas.[4] (Doc. 91).

---

[1] Document 87-1 is a Bill of Information charging Tripp with a violation of La. Stat. Ann. § 15:542.1. On a Rule 12(b)(1) motion to dismiss, the Court is empowered to consider documents and matters of fact outside of a complaint. *See, e.g.*, *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* 536 F.3d 439, 449 (5th Cir. 2008); *Lane ex rel. Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

[2] It is not entirely clear to the Court from the Amended Complaint and the Parties' filings the nature of the criminal cases for which Plaintiffs were incarcerated at the time Plaintiffs filed the Complaint.

[3] Document 84-4 is the Judgment in the criminal case, No. 3:23-CR-00041.

[4] Document 91 is Tripp's Notice of Change of Address.

The statute requires Plaintiffs and other classes of persons who are similarly situated to notify certain individuals and the public about their sex offender status. (Doc. 27 ¶ 4c). The notifications must include the individual's name, the crime they were convicted of, address, physical description, and a photograph. (*Id.*). The statute requires that, within 21 days of conviction or release from prison, and every five years thereafter, Plaintiffs must give notice by mail to every residence and business within a designated radius of their address at Plaintiffs' own expense. (*Id.* ¶ 4d). Plaintiffs must also place a two-day notice in a newspaper to notify the public at large, also at Plaintiffs' own expense. (*Id.*). Plaintiffs are also required to provide this notice every time they change their address. (*Id.*).

The notifications are written in the first person, appearing as if Plaintiffs are speaking of their own free will and endorsing the notification message. (*Id.* ¶ 4e). However, the statute specifies the contents of the notification, what Plaintiffs must say, when they must say it, where they must say it, and to whom they must say it. (*Id.*). The statute also gives courts the authority to order Plaintiffs to display signs, handbills, bumper stickers, and clothing that labels them as sex offenders against their will. (*Id.* ¶ 4f). In addition, the statute requires Plaintiffs to post their sex offender status on any "social networking" profile they may have. (*Id.* ¶ 4g). Plaintiffs claim that this requirement discourages Plaintiffs from speaking and participating in the virtual public forum and therefore having their voices heard "equally." (*Id.*). Plaintiffs strongly object to being forced to speak and disseminate information they disagree with and otherwise do not wish to share. (*Id.* ¶ 4h).

Plaintiffs argue that the statute imposes an undue burden on them and only serves to further stigmatize them, especially considering that their sex offender status is available to the public on the "National Sex Offender Public Website." (*Id.* ¶ 4h). Plaintiffs have complied with the statute's notification requirements in the past out of fear of being prosecuted.[5] (*Id.* ¶ 4i). However, Plaintiffs now assert that upon release, they will have to choose to either (1) continue to comply and thereby allegedly violate their rights; or (2) defy the statute's notification requirements, subjecting them to felony prosecution under La. Stat. Ann. § 15:542.1.4(A)(1) (2014). (*Id.*). Those convicted under La. Stat. Ann. § 15:542.1.4(A)(1), face a sentence of between two and ten years in prison. (*Id.*).

Plaintiffs argue that the fact that the statute compels Plaintiffs to speak under threat of felony prosecution violates Plaintiffs' right to be free from compelled speech under the First Amendment to the United States Constitution. (*Id.* ¶ 4j). Plaintiffs also allege that the statute violates the right to due process and equal protection under the law guaranteed by the Fourteenth Amendment. (*Id.*).

Plaintiffs seek a declaration that La. Stat. Ann. § 15:542.1 "is unconstitutional on its face and/or as applied to plaintiffs." (*Id.* ¶ 5a). Plaintiffs also seek a declaration that La. Stat. Ann. § 15:542.1 violates their rights under the First and Fourteenth Amendments of the United States Constitution. (*Id.* ¶ 5b). Finally, Plaintiffs seek a permanent injunction enjoining Defendants from enforcing or initiating prosecution

---

[5] However, as noted, Defendant Babin filed a Bill of Information against Tripp for an alleged violation of the statute. (Doc. 87-1).

against Plaintiffs under the statute. (*Id.* ¶ 5c).

Plaintiffs name four Defendants in this action: Defendant Jeffrey Landry, in his official capacity as the Attorney General of the State of Louisiana; Defendant James LeBlanc, in his official capacity as the Secretary of the Louisiana Department of Public Safety and Corrections; Defendant Ricky Babin, in his official capacity as the District Attorney for the Twenty-Third Judicial District; and Defendant Tony Clayton, in his official capacity as the District Attorney for the Eighteenth Judicial District.[6] (*Id.* ¶¶ 3a–3d).

Defendant Landry previously filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 84), which the Court denied. (Doc. 94). Now before the Court is Defendant Babin's Motion To Dismiss Plaintiffs' Complaints As To Him Based On Standing, Exceptions Of Failure To State A Cause Of Action And/Or Right Of Action, And Prematurity. (Doc 100).

## II. LEGAL STANDARD

Under Rule 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). To "prevent[ ] a court without jurisdiction from prematurely

---

[6] Since the Complaint was first filed, Liz Murrill has replaced Defendant Landry as the Attorney General of the State of Louisiana and Gary E. Westcott has replaced Defendant LeBlanc as the Secretary of the Louisiana Department of Public Safety and Corrections. *See, e.g.,* Doc. 89 and Doc. 101.

dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

Under Rule 12(b)(1), "the [C]ourt is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citing *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte,* 536 F.3d 439, 449 (5th Cir. 2008); *Lane ex rel. Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." (internal quotation marks omitted)).

## III. DISCUSSION

Defendant Babin argues that Plaintiffs lack standing, and further, that their claims are unripe for review.[7]

---

[7] Defendant Babin also argues that Plaintiffs fail to state a cause of action, but merely incorporates Defendant Landry's arguments on this issue, which the Court has already rejected. (Doc. 100-1 at 10). All Defendant Babin states on this issue is that "[i]t is asserted that plaintiffs' amended complaint fails to state a scintilla of cause of action based on that rationale set forth in Doc. 63.1. Babin urges dismissal against him for those reasons set forth therein and incorporates that argument as if set forth herein in extension." (Doc. 100-1 at 1). *See* Doc. 63-1; Doc. 84-1; Doc. 94. Document 63-1 was terminated without prejudice prior to the Court ruling on it, *see* Doc. 73, but the arguments in it were later fully incorporated into Defendant Landry's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim (Doc. 84-1), which the Court rejected in its Ruling (Doc. 94). Defendant Babin

**A. Standing.**

Defendant Babin contends that Plaintiffs lack standing. This issue is considered as a challenge to the court's subject-matter jurisdiction and is analyzed under the Rule 12(b)(1) standard.

The United States Court of Appeals for the Fifth Circuit has emphasized that "[o]ver the years, our cases have established that the irreducible constitutional minimum of standing contains three elements." *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). These elements are "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Little*, 575 F.3d at 540 (citing *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009); *Lujan*, 504 U.S. at 560–61). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Little*, 575 F.3d at 540 (citing *Lujan*, 504 U.S. at 561). At the pleading stage, allegations of injury are liberally construed. *Little*, 575 F.3d at 540 (citing *Lujan*, 504 U.S. at 561) ("[O]n a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim' [of standing].") (quoting *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990)). "A proper case or controversy exists only when at least one plaintiff

---

further raises the exception of no right of action, which arises out of Louisiana law and is not recognized in the Federal Rules of Civil Procedure. The Court will nonetheless address the 'no right of action' arguments in the standing analysis.

'establish[es] that [he or she] ha[s] standing to sue.'" *Murthy v. Missouri*, 603 U.S. 43, 57 (2024) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Defendant Babin contends that Plaintiffs have not established standing. Defendant Babin contends that because Okurowski resides in the Eighteenth Judicial District, he has no prosecutorial authority over him. (*Id.* at 8). As to Tripp, Defendant Babin asserts that he lacks standing because: (1) Plaintiffs have not alleged an immediate or eminent injury arising from Defendant Babin's actions; (2) Defendant Babin is not prosecuting any pending charges against Tripp; (3) Tripp is not currently subject to the statute's notification requirement because he is serving a 234-month sentence at a federal facility out-of-state in Texas; and (4) causation between Defendant Babin actions and Tripp's alleged injury is too attenuated. (Doc. 100-1 at 6–8).

**i. Injury-in-Fact.**

"When an individual is subject to [the threatened enforcement of a law], an actual arrest, prosecution, or other enforcement action is not a prerequisite to challenging the law." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158–59 (2014); *see also Steffel v. Thompson*, 415 U.S. 452, 459 (1974) ("[I]t is not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional rights."). "Instead, [the Supreme Court] ha[s] permitted pre-enforcement review under circumstances that render the threatened enforcement sufficiently imminent." *Susan B. Anthony List*, 573 U.S. at 159. Specifically, "a plaintiff satisfies the injury-

in-fact requirement where he alleges [1] an intention to engage in a course of conduct arguably affected with a constitutional interest, but [2] proscribed by a statute, and [3] there exists a credible threat of prosecution thereunder." *Id.* (internal quotation marks omitted). But "Plaintiffs must show that the threatened injury is certainly impending, or there is a substantial risk that the harm will occur. [T]he threat of future injury [must be] sufficiently likely. Injuries that are predicated on a highly attenuated chain of possibilities or that require guesswork as to how independent decisionmakers will exercise their judgment will not suffice." *Book People, Inc. v. Wong*, 91 F.4th 318, 328–29 (5th Cir. 2024).

Here, Plaintiffs have shown Article III injury-in-fact. Plaintiffs allege that they "strongly object to being forced to speak and disseminate information they disagree with and otherwise do not wish to share" and they "have to make a choice upon release to either continue to comply and violate their rights, or choose to exercise their rights, subjecting them to felony prosecution[.]" (Doc. 27 at 3–4). Their Amended Complaint evinces a real possibility of violating the notification requirements. This intended course of conduct is plainly affected by a constitutional interest, as the First Amendment includes "both the right to speak freely and the right to refrain from speaking at all." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). In other words, the government cannot "compel a person to speak when he would prefer to remain silent[.]" *303 Creative LLC v. Elenis*, 600 U.S. 570, 586 (2023). Second, their intention to refrain from disseminating information about their sexual offender status is plainly proscribed by the statute, which requires dissemination. Finally, the threat

of future enforcement is substantial. Tripp has already alleged that Defendant Babin has prosecuted him under the statute in the Twenty-Third Judicial District. "[T]he threat of future enforcement is substantial" when "[t]here is a history of past enforcement of the [] statute . . . [P]ast enforcement against the same conduct is good evidence that the threat of enforcement is not chimerical." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 164 (2014) (internal quotation marks omitted). "The third prong of the [pre-enforcement] injury-in-fact analysis involves a critical distinction between facial and as-applied challenges: Whereas there must be some evidence that a rule would be applied to the plaintiff in order for that plaintiff to bring an as-applied challenge, that is not the case for facial challenges." *Umphress v. Hall*, 133 F.4th 455, 463 (5th Cir. 2025) (cleaned up). "[I]n facial challenges, courts will assume a credible threat of prosecution in the absence of compelling contrary evidence." *Id.* at 465 (cleaned up); *see also Nat'l Press Photographers Ass'n v. McCraw*, 90 F.4th 770, 782 (5th Cir.) (2024) ("Unlike in other constitutional contexts, in the speech context, [courts] may *assume* a substantial threat of future enforcement absent compelling contrary evidence.") (cleaned up) (emphasis in original). Here, Plaintiffs have brought a facial challenge to the statute and the court has no compelling evidence that Defendant Babin will not enforce the statute in the future, satisfying the injury-in-fact element.

**ii. Causation.**

The Court turns next to the causation element. Defendant argues that the injury to Tripp is too attenuated because he could only prosecute a violation of the

statute after a law enforcement officer, such as a sheriff's office employee, first takes some action. Plaintiffs reply that their injury is traceable to Defendant Babin because Defendant Babin is "an official vested with enforcement and prosecutorial authority under this statute[.]" (Doc. 102 at 3). Plaintiffs also argue that the actions of the sheriff's office are irrelevant to whether the injury is traceable to Defendant Babin because "a plaintiff need only show that a defendant has some connection with the enforcement of the act" to meet the causation element. (Doc. 102 at 4).

The Court agrees with Plaintiffs. The injury is traceable to Defendant Babin because "[a]s the district attorney, he is charged with prosecuting individuals who violate criminal laws." *Nat'l Press Photographers Ass'n*, 90 F.4th at 785 (finding that an alleged First Amendment injury was traceable to the district attorney). "For this reason, courts have long recognized that prosecutors are natural targets for § 1983 injunctive suits since they are the state officers who are threatening to enforce and who are enforcing the law." (*Id.*) (internal quotation marks and citation omitted). *See also Deep S. Today v. Murrill*, 779 F. Supp. 3d 782, 805 (M.D. La. 2025) (finding that an injury was traceable to the district attorney because he had the authority to prosecute offenders). Although Tripp is currently located in Texas, he is still a citizen of Louisiana (Doc. 27 at 2), and the Court has no reason to assume that he will not return to the Twenty-Third Judicial District and be subject to Defendant Babin's prosecutorial authority once he is released from federal custody. As to Defendant's assertion that an injury is not traceable to him because it depends on the actions of a third party bringing the matter before Defendant Babin for him to consider the

prosecution thereof, "[w]here, as here, a causal relation between injury and challenged action depends upon the decision of an independent third party . . . standing is not precluded, but it is ordinarily substantially more difficult to establish. To meet its burden, Plaintiffs must show at the least that third parties will likely react in predictable ways." *Book People, Inc. v. Wong*, 91 F.4th 318, 332 (5th Cir. 2024) (cleaned up). Under Louisiana law, "the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." La. Code Crim. Proc. art. 61. Although Defendant Babin tries to create separation between himself and the prosecution of Tripp, given the district attorney's control over criminal prosecution in his district, it is clear that third parties) would continue to bring (as they already have) Defendant Babin notice of alleged violations of the statute.[8] Thus, Plaintiffs have satisfied the causation element.

**iii. Redressability.**

With respect to redressability, Defendant argues that the Court cannot redress Tripp's injury because Tripp is currently not required to comply with the statute on account of his incarceration status. "[T]o satisfy the redressability requirement, Plaintiffs must show that a "favorable decision will relieve a discrete injury to [themselves]. It must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Book People, Inc.*, 91 F.4th at 332 (cleaned up).

---

[8] District attorneys' offices in Louisiana also employ their own investigators, La. Rev. Stat. § 16:13.1, so Defendant Babin could theoretically receive evidence from his subordinates.

Here, Plaintiffs seek relief in the form of a court order declaring the notification requirement unconstitutional and enjoining Defendants from enforcing the statute. "If a plaintiff is an object of a regulation 'there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it.'" *Contender Farms, L.L.P. v. U.S. Dep't of Agric.*, 779 F.3d 258, 264 (5th Cir. 2015) (citing *Lujan*, 504 U.S. at 561). The Court finds no reason to depart from the ordinary rule that Plaintiffs, as objects of the statute, may challenge it. Accordingly, Plaintiffs have established redressability and established standing.

**B. Ripeness.**

This Court previously determined that Tripp's claims are ripe for judicial review. (Doc. 94 at 10–15). Defendant Landry had moved to dismiss Tripp's claims as unripe in his Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. In its Ruling, the Court reasoned that Tripp's claims were fit for judicial decision:

> First, the Court finds that Plaintiff Tripp's claims are "fit for judicial decision." Defendant does not assert that additional facts are needed to resolve Plaintiff Tripp's claims, and Defendant raises no reason why the Court would be in a "better position to adjudicate the issues in the future than it is now." Because Plaintiff Tripp asserts only facial constitutional challenges to the statute, he "presents a pure question of law," which does not require further fact development. Additionally, as described in greater detail below, Plaintiff Tripp's "injury is certainly impending."
>
> Second, the Court finds that Plaintiff Tripp has "shown that hardship will result if court consideration is withheld at this time." As a general matter, because this case involves First Amendment claims, which "have been identified as one of those accorded special ripeness

> treatment," the Court recognizes that "ripeness may require a lower probability and gravity of any predicted intrusion." However, the Court also acknowledges that Plaintiff Tripp must nonetheless "show some hardship in order to establish ripeness."
>
> In determining Plaintiff Tripp's degree of hardship, the Court need not resolve the parties' dispute over whether Plaintiff Tripp's release from prison serves as a contingency that renders his claims speculative and hypothetical. This is because the state is actively imposing compliance burdens on Plaintiff Tripp through its prosecution of his alleged violation of the statute, which is more than certainly impending.

(Doc. 94 at 13–15). Defendant Babin has provided no new arguments as to ripeness that the Court has not already considered. Therefore, the Court will not deviate from its previous Ruling that the claims are ripe.[9]

---

[9] Defendant Babin's Motion states that "there are no pending charges against Tripp in the Twenty-[T]hird Judicial District, State of Louisiana, for which Babin would be prosecuting." (Doc. 100-1 at 7). It is not clear to the Court whether Defendant Babin means that the Twenty-Third Judicial District Attorney's office has dropped the 2021 prosecution against Tripp, such that it is not actively prosecuting charges against him. Because of this uncertainty, the Court will presently presume that the Twenty-Third Judicial District's prosecution against Tripp is still ongoing and will therefore not dismiss Plaintiff's claims as unripe. If the Twenty-Third Judicial District Attorney's office is no longer pursuing the 2021 prosecution, Defendant Babin may clarify that point and reassert the argument later in a Motion for Summary Judgment.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Babin's **Attorney General's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim (Doc. 84)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 30th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**