**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TODD E. TRIPP, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **JEFFREY M. LANDRY,** ***in his official capacity as Attorney General of the State of Louisiana*****, ET AL.** | **NO. 22-00333-BAJ-SDJ** |

## RULING AND ORDER

Before the Court is Defendant LeBlanc's **Motion To Dismiss For Failure To State A Claim (Doc. 101)**. Defendant LeBlanc brings the Motion in his official capacity as the Secretary of the Louisiana Department of Public Safety and Corrections ("LDPSC"). Plaintiffs oppose the Motion. (Doc. 103). Defendant did not file a Reply.

For the following reasons, the Motion (Doc. 101) will be **DENIED**.

## I. BACKGROUND

This case arises out of an allegedly unconstitutional Louisiana state statute—La. Rev. Stat. § 15:542.1—that compels individuals convicted of certain sex offenses to comply with registration and notification requirements. Plaintiffs have been and continue to be subject to the notification requirements imposed by the statute.

The statute requires Plaintiffs to notify certain individuals and the public about their sex offender status. (Doc. 27 ¶ 4c). The notifications must include

Plaintiffs' names, the crime they were convicted of, their addresses, physical descriptions, and a photograph. (*Id.*). The statute requires that, within 21 days of conviction or release from prison, and every five years thereafter, Plaintiffs must give notice by mail to every residence and business within a designated radius of their address at Plaintiffs' own expense. (*Id.* ¶ 4d). Plaintiffs must also place a two-day notice in a newspaper to notify the public at large, also at Plaintiffs' own expense. (*Id.*). Plaintiffs are also required to provide this notice every time they change their address. (*Id.*). The statute also gives courts the authority to order Plaintiffs to display signs, handbills, bumper stickers, and clothing that labels them as sex offenders against their will. (*Id.* ¶ 4f). In addition, the statute requires Plaintiffs to post their sex offender status on any "social networking" profile they may have. (*Id.* ¶ 4g).

Plaintiffs contend that the statute violates their rights under the First and Fourteenth Amendments of the United States Constitution. (*Id.* ¶ 5b). Plaintiffs' Amended Complaint seeks prospective declaratory and injunctive relief enjoining Defendants from enforcing or initiating prosecution under the statute. (*Id.* ¶ 5c). Plaintiffs name four Defendants, all in their official capacities, in this action: Defendant Jeffrey Landry, in his official capacity as the Attorney General of the State of Louisiana; Defendant James LeBlanc, in his official capacity as the Secretary of LDPSC; Defendant Ricky Babin, in his official capacity as the District Attorney for the Twenty-Third Judicial District; and Defendant Tony Clayton, in his

official capacity as the District Attorney for the Eighteenth Judicial District.[1] (Doc. 27 at 1). The Court previously denied Plaintiffs' Motion For Summary Judgment (Doc. 78) without prejudice and the Attorney General of the State of Louisiana's Motion To Dismiss For Lack Of Subject Matter Jurisdiction And Failure To State A Claim (Doc. 84). (Doc. 94).

Now before the Court is Defendant LeBlanc's Motion To Dismiss For Failure to State A Claim. (Doc. 101).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw

[1] Since the Complaint was first filed, Liz Murrill has replaced Defendant Landry as the Attorney General of the State of Louisiana and Gary E. Westcott has replaced Defendant LeBlanc as the Secretary of the Louisiana Department of Public Safety and Corrections. *See, e.g.,* Doc. 89 and Doc. 101.

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (*citing Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). Conclusory allegations or legal conclusions are insufficient defenses to a well-pled motion to dismiss. *Turner v. Lieutenant Driver*, 848 F.3d 678, 685 (5th Cir. 2017).

## III. DISCUSSION

Defendant LeBlanc moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6). He asserts that, unlike the State Attorney General or the District Attorneys, he plays no role in the enforcement of La. Rev. Stat. § 15:542.1 and is thus improperly named as a defendant. Defendant explains that an individual governed by the statute is required to register with the sheriff of his parish of residence. (Doc. 101-1 at 4); La. Rev. Stat. § 15:542(B)(1)). Defendant continues that "the sheriff's office of the sex offender's parish of residence ensures that the sex offenders in its parish are compliant with all registration and notification requirements, including the obligation to comply with the community notification requirements of La. R. S. 15:542.1." (Doc. 101-1 at 4). "Furthermore, the district attorney's office in the sex offender's parish of residence would initiate any prosecution pursuant to La. R. S. 15:542.1.4 should the offender fail to comply with his or her registration and notification obligations." *Id.* Defendant adds that "La. R. S. 15:543(B) sets forth [LDPSC's] obligation to provide notice to sex offenders

of their obligation to register and notify when releasing from [LDPSC's] physical custody or when placed under parole, supervised release, or probation." *Id.*; La. Rev. Stat. § 15:543(B)(2). While acknowledging his obligation to provide notice to offenders, Defendant contends that he has no role in enforcing the statute.

Plaintiffs respond that Defendant LeBlanc is, in fact, partly responsible for enforcing the statute. In addition to LDPSC's duty to inform sex offenders of their registration and notification requirements, LDPSC must also "[r]equire the person to read and sign a form stating that the requirements of the provisions of this Chapter and the penalty for failure to comply with those requirements have been explained." La. Rev. Stat. § 15:542(B)(7)). Plaintiffs continue that Section 15:543 is expressly entitled "*Duties* of the courts, sheriffs, and the *Department of Public Safety and Corrections* and the office of juvenile justice; informing the offender of the registration and notification requirements" (emphasis added).

The Court must consider whether Defendant LeBlanc enforces the statute and turns to the *Ex parte Young* doctrine for guidance.[2] While the Eleventh Amendment typically bars private suits against nonconsenting states in federal court, the *Ex parte Young* exception "allows private parties to bring suits for injunctive or declaratory relief against individual state officials acting in violation of federal law. For the exception to apply, the state official, 'by virtue of his office,' must have 'some

[2] While Defendant does not directly cite to *Ex parte Young* or its progeny, the Court nonetheless finds the caselaw instructive for resolving whether Defendant LeBlanc "enforces" the statute.

connection with the enforcement of the [challenged] act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party.' *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) (quoting *Ex parte Young*, 209 U.S. 123, 157 (1908)).

The United States Court of Appeals for the Fifth Circuit has acknowledged uncertainty surrounding the phrase "some connection with the enforcement of the [challenged] act." The Court finds a line of seven cases from the United States Supreme Court and the Fifth Circuit instructive: *Fitts v. McGhee*, 172 U.S. 516 (1899); *Ex parte Young*, 209 U.S. 123; *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001); *K.P. v. LeBlanc*, 627 F.3d 115 (5th Cir. 2010); *Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014); *City of Austin v. Paxton*, 943 F.3d 993 (5th Cir. 2019); and *United States v. Abbott*, 85 F.4th 328 (5th Cir. 2023).

Addressing the cases in chronological order, in 1899, the United States Supreme Court held that the Eleventh Amendment barred a suit against the Alabama governor and attorney general because neither individual "appear[ed] to have been charged by law with any special duty in connection with the act." *Fitts*, 172 U.S. at 529. In 1908, the Supreme Court elaborated that the Eleventh Amendment did not apply to state officers who have "some connection with the enforcement of the act" in question or are "specially charged with the duty to enforce the statute" and threaten to exercise that duty. *Ex parte Young*, 209 U.S. at 157–58. In 2001, in *Okpalobi*, a plurality of the Fifth Circuit sitting en banc held that "some connection with the enforcement of the act" meant that the official must have "the particular

duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Okpalobi*, 244 F.3d at 416. The Fifth Circuit later clarified that "the 'connection' standard [is] also phrased in *Okpalobi* as requiring the state official in question to be 'specially charged with the duty to enforce the statute' and 'be threatening to exercise that duty.'" *City of Austin*, 943 F.3d at 999 (quoting *Okpalobi*, 244 F.3d at 414). In 2010's *K.P. v. LeBlanc* ruling, the Fifth Circuit moved away from *Okpalobi*'s "proposition that a 'special' relationship—not just 'some connection'—must exist. *K.P. v. LeBlanc*, 627 F.3d at 124. The Fifth Circuit reasoned that "[b]ecause that part of the en banc opinion [in *Okpalobi*] did not garner majority support, the Eleventh Amendment analysis is not binding precedent." *Id.* The Fifth Circuit chose "not [to] resolve whether *Ex [p]arte Young* requires only 'some connection' or a 'special relationship' between the state actor and the challenged statute[,]" finding that the defendant's conduct fell within *Ex parte Young* under either standard. *Id.* The Fifth Circuit emphasized that "the state actor must be connected with an act's 'enforcement' for the [*Ex parte Young*] exception to apply[,]" with "'[e]nforcement' typically involv[ing] compulsion or constraint." *Id.* In 2014, the *Morris v. Livingston* panel relied on *Okpalobi* 'some connection' in its ruling: "state officers c[an] be sued in federal court despite the Eleventh Amendment . . . [if] the officers have some connection with the enforcement of the act in question or [are] specially charged with the duty to enforce the statute and [are] threatening to exercise that duty . . . The required 'connection' is not 'merely the general duty to see that the laws of the state are implemented,' but 'the particular duty to enforce the

statute in question and a demonstrated willingness to exercise that duty.'" *Morris*, 739 F.3d at 746 (quoting *Okpalobi*, 244 F.3d at 414–16. In 2019's *City of Austin v. Paxton*, the Fifth Circuit once again clarified what "[w]hat constitutes a sufficient 'connection to [ ] enforcement' is not clear from our jurisprudence." *City of Austin*, 943 F.3d at 999. The panel, "in the same vein as panels before [it]," again determined that it "need not define the outer bounds of this circuit's *Ex parte Young* analysis today—i.e., whether [the defendant] must have 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty' to be subject to the exception." *Id.* at 1000 (quoting *Okpalobi*, 244 F.3d at 416). Although the panel did not "opine on the *Okpalobi* 'connection' standard, [it] recognize[d] that this circuit's caselaw requires some scintilla of 'enforcement' by the relevant state official with respect to the challenged law[,]" noting that "[p]anels in this circuit have defined 'enforcement' as 'typically involv[ing] compulsion or constraint.'" *Id.* at 1000, 1002. Most recently, the *United States v. Abbott* panel again relied on *Okpalobi*, stating that 'some connection' means that "[t]he officer must have 'the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" *Abbott*, 85 F.4th at 334 (citing *Morris*, 739 F.3d at 746).

This is all to say that Fifth Circuit precedent on this issue is not set in stone. However, the Court finds that under any definition pronounced by the Fifth Circuit, Defendant LeBlanc enforces La. Rev. Stat. § 15:542.1. Defendant is tasked with notifying offenders of their registration and notification requirements. La. Rev. Stat. § 15:543(B)(2). Defendant is also responsible for "*requir[ing]* the [offender] to read

and sign a form stating that the requirements of the provisions of this Chapter and the penalty for failure to comply with those requirements have been explained." *Id.* § 15:543(B)(7) (emphasis added). "Requiring" an individual to read and sign a form is, by any interpretation, an edict that subjects the individual to a compulsory act. The Court's interpretation is confirmed by the Louisiana state legislature, which expressly charged Defendant with specific enforcement duties in this Chapter ("Duties of the courts, sheriffs, and the *Department of Public Safety and Corrections*"). *Id.* § 15:543.

Having established that Defendant LeBlanc statutorily is among the officials charged with enforcement of the statute, the Court briefly addresses his second argument for dismissal. Defendant states that "Plaintiffs name LeBlanc in his official capacity as a defendant in this matter but do not mention defendant LeBlanc *anywhere* else in the Complaint. Plaintiffs fail to set forth any facts that defendant Le[B]lanc, in the performance of his official duties, enforces Louisiana's sex offender registration and notification laws[.]" (Doc. 101-1 at 7). But as Plaintiffs point out, "no heightened pleading is required in actions against individual defendants in their official capacities, because official-capacity lawsuits are typically an alternative means of pleading an action against the governmental entity involved[.]" *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (internal quotation marks and citations omitted). Whereas courts must analyze claims against officials sued in their individual capacity under a heightened standard—that is, a plaintiff must "plead with factual detail and particularity specific conduct giving rise to a

constitutional violation if he is to establish personal liability[,]" *Clark v. Thibodaux City*, 787 F. App'x 198, 201 (5th Cir. 2019) (internal quotation marks omitted)—"the Court must analyze the claim against defendants in their official capacities under the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." *Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898, 905 (E.D. La. 2001). Because Plaintiffs' Amended Complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" as required by Fed. R. Civ. P. 8(a)(2), Defendant's second argument for dismissal is also unpersuasive.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion To Dismiss For Failure To State A Claim (Doc. 101)** is **DENIED**.

Baton Rouge, Louisiana, this 30th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**